THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENTS, *v.* WILLIAM H. MACY AND WARREN ROSEVELT,
APPELLANTS.

*Chapter 249 of 1875—the license required by it, must be in writing.*

Section 1 of chapter 249 of 1875 provides that it shall be lawful for the owner
or lessee of a pier or bulkhead in the city of New York to erect and main-
tain sheds upon it, "provided they shall have obtained from the depart-
ment of docks, in said city, a license or authority to erect or maintain the
same, and subject to the conditions and restrictions contained in such
license or authority."

*Held,* that the license or authority required by the act must be in writing.

APPEAL from an order made at Special Term, continuing a tem-
porary injunction granted in this action.

The action was brought to restrain the defendants from erecting
a shed upon Pier No. 45, in the East River. The defendants
claimed that they had an oral permit from the department of docks
to erect the same.

Section 1 of chapter 249 of 1875 provides, " Whenever any per-
son, company or corporation, engaged in the business of steam
transportation, shall be the owner or lessee of any pier or bulkhead
in the city of New York, and shall use and employ the same for
the purpose of regularly receiving and discharging cargo thereat,
it shall be lawful for such owner or for such lessee, with the con-
sent of the lessor, to erect and maintain upon such pier or bulk-
head sheds for the protection of property so received or discharged ;
provided they shall have obtained from the department of docks,
in said city, a license or authority to erect or maintain the same,
and subject to the conditions and restrictions contained in such
license or authority. . . . "

*Willard Bartlett,* for the appellants. . The oral license was suffi-
cient, and the defendants, by obtaining it, have fully complied with
the requirements of the law in that respect. (*Morgan v. United
States,* 14 Ct. of Cl., 319 ; 1 Washburn on Real Property, 543 ;
Cooley on Torts, 307, note, and cases there cited ; 3 Kent Comm.,

PEOPLE *v.* MACY.

452; *Selden* v. *Del. & Hud. Canal Co.*, 29 N. Y., on p. 639; *Luce* v. *Carley*, 24 Wend., 453; *Owen* v. *Field*, 12 Allen, 457; *Rerick* v. *Kern*, 14 Serg. & R., 267; *Freeman* v. *Headley*, 33 N. J. L., 253; *Druse* v. *Wheeler*, 26 Mich., 189; *Hall* v. *Boyd*, 14 Ga., 1; *Hodgson* v. *Jeffries*, 52 Ind., 334.) An oral license as well as one in writing may involve conditions to be performed by the licensee. (*Russell* v. *Hubbard*, 59 Ill., 335; *McLarney* v. *Pettigrew*, 3 E. D. Smith, 111.)

*W. W. Goodrich*, for the respondent.

PER CURIAM:

There can be no doubt that the license referred to in the act (L. 1875, ch. 249, § 1) is a written license. The legislature could not possibly have intended that such an important fact should be left to mere recollection. And how could the department of docks grant an oral license?—a license embodied in no written resolution and not even entered upon the minutes. It might as well be said that the aldermen, as a board, could grant an oral permit. It would be strange, indeed, were such a question of fact to depend for its solution upon a conflict of evidence between the board and the alleged grantee. Besides, the words "subject to the conditions and restrictions contained in such license or authority" plainly import a writing. Such writing would seem to be as necessary to the protection of the licensee as to the orderly administration of the affairs of the department.

The order should be affirmed, with $10 costs, and disbursements.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Order affirmed, with $10 costs, and disbursements.